UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLIFFORD SMITH,<br><br>    Petitioner,<br><br>  v.<br><br>FRESNO COUNTY SUPERIOR COURT,<br><br>    Respondent. | 1:13-CV-00380 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the petition, he is currently confined in the Fresno County Jail.

**BACKGROUND**[1]

Petitioner is currently awaiting trial in Case #F12904584 in Fresno County Superior Court on charges of felony evading a peace officer and driving under the influence. Petitioner complains that he is being denied his right to a speedy trial, that the prosecutor has committed misconduct by withdrawing the initial misdemeanor charge of evading a peace officer and refiling it as a felony, and that he is being confined unlawfully.

---

[1] This information is derived from the petition for writ of habeas corpus and attached exhibits.

Prior to his custody in Fresno County Jail, Petitioner was incarcerated at the Federal Correctional Institution at Terminal Island, California, on federal charges. While in federal custody, Petitioner filed motions for speedy trial pursuant to Cal. Penal Code §§ 1381.5, 1382, and 1389 in the Fresno County Superior Court in Case Nos. M11917027/F11904315. He states that pursuant to §§ 1382 and 1389, the state court was required to bring him to trial within 120 days. He states he was not arraigned or tried within that time period, and therefore the charges should have been and must now be dismissed. However, the state court noted that this claim is moot because the District Attorney dismissed those charges. The People then refiled new charges in a new case, Case No. F12904584. According to Petitioner, he is now pending trial on the new charges in Case No. F12904584.

Petitioner also complains that the charges should have been dismissed with prejudice when the state court failed to try him within the stated time period. The state court noted, however, that according to state law, dismissal is required only when the defendant fully complies with all of the requirements of Cal. Penal Code § 1389. The state court found that Petitioner had failed to fully comply with the statute because he did not follow the procedure set forth in the statute. Therefore, the state court determined that even assuming there was a violation of Petitioner's right to a speedy trial under state law, the prosecution was entitled to dismiss the original case and refile the action.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4.

In this case, the determinative issue is whether this Court should abstain from intervening in the State's criminal prosecution of Petitioner prior to trial. Principles of comity and federalism generally preclude a federal court from enjoining state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45 (1971). This is known as the Younger abstention doctrine. In Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972) (per curiam), the Ninth Circuit stated that "[o]ur reading of Younger

v. Harris convinces us that only in the most unusual circumstances is a defendant entitled to have federal imposition by way of . . . habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough." (Citations omitted.)  The Younger abstention doctrine applies if the state proceeding is (1) currently pending; (2) involves an important state interest; and (3) affords the petitioner an adequate opportunity to raise constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  The inquiry is triggered "when the relief sought in federal court would in some manner directly 'interfere with' ongoing state proceedings."  Gilbertson v. Albright, 381 F.3d 965, 976 (9th Cir.2004).  If the three Younger requirements are met, the federal court is required to abstain unless Petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. Younger, 401 U.S. at 45, 53-54.  These considerations are to be construed "very narrowly" and invoked only in "extraordinary circumstances." Id., at 53-54.  Nevertheless, the Younger abstention doctrine will not bar a defendant seeking to enforce his constitutional right to a timely trial.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973) (permitting defendant to raise speedy trial challenge to ongoing state criminal action where he only sought to "demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial").

     In this case, it is clear the Younger abstention doctrine applies.  State criminal proceedings are pending, the prosecution of crimes is an important state interest, and the criminal trial and appellate process provide Petitioner an adequate opportunity to present his constitutional claims.  Therefore, Younger precludes federal intervention unless Petitioner can demonstrate that the state proceedings are motivated by bad faith, the state law is unconstitutional, or there is no adequate alternative state forum to raise the constitutional issues.  Petitioner complains that the prosecution's act of dismissing charges and refiling new charges was done in bad faith.  The Court is not persuaded.  According to the state court, these actions comported with state law and procedure.  In addition, the trial and appellate courts are proper forums to raise his issues.  There is no question that his claims have been addressed.

     Nevertheless, as noted above, a petitioner can seek federal intervention to enforce his constitutional right to a timely trial. Braden, 410 U.S. at 489-90. In Braden, the State of Kentucky failed to bring the defendant to trial despite repeated demands by the defendant that he be brought to trial. Id. The Supreme Court permitted federal intervention in order to redress the defendant's "present denial of a speedy trial." Id. In this case, Petitioner claims a violation of his right to a speedy trial. However, he does not claim that he is not being brought to trial in a timely manner. Rather, his claims relate to an alleged violation of his right to a speedy trial with respect to criminal charges that have already been dismissed. His claim to compel a speedy trial became moot with the dismissal of the prior charges. According to the petition, the State is actively proceeding with a trial on newly-filed charges. Indeed, the concerns in Braden are not present in this case at all, since Petitioner is not seeking to compel a speedy trial, but rather the complete opposite. He seeks to enjoin the State from proceeding to trial on the newly-filed charges. Therefore, the Younger doctrine precludes federal intervention. Moreover, his complaints concerning the state court's determination of state law and procedure in allowing the prosecution to dismiss charges and refile new charges is entirely a question of state law, and is therefore not cognizable in a federal habeas action. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'")

     Comity and federalism preclude this Court from intervening in the State's criminal prosecution of Petitioner. There are no extraordinary or special circumstances which would warrant federal intervention. There is no need to compel the State to bring Petitioner to trial as it is clear from the petition and attached exhibits that the State is proceeding to trial on the new charges, and in fact, Petitioner seeks the complete opposite. As to Petitioner's other claims, Petitioner has not shown any possible irreparable injury in waiting until after trial to assert his claims.

**RECOMMENDATION**

     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

     This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule

1  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
2  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the
3  Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
4  Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
5  § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may
6  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8      IT IS SO ORDERED.
9      **Dated:   April 1, 2013**       /s/ **Gary S. Austin**
    UNITED STATES MAGISTRATE JUDGE